UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **M.J.**, *et al.*,<br><br>　　　　Plaintiffs,<br><br>v.<br><br>**DISTRICT OF COLUMBIA**, *et al.*,<br><br>　　　　Defendants. | **Civil Action No. 18-1901 (EGS)** |

## DEFENDANTS' ANSWER AND DEFENSES TO PLAINTIFFS' CLASS ACTION COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF

Defendants the District of Columbia, Mayor Muriel Bowser, Tanya A. Royster, and Wayne Turnage (collectively, defendants or the District) answer plaintiffs' Class Action Complaint for Injunctive and Declaratory Relief (Complaint) as follows.

## DEFENSES

Defendants assert and preserve the following defenses based on information currently available. Defendants reserve the right to withdraw these defenses or assert additional defenses as further information becomes available.

### FIRST DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

### SECOND DEFENSE

Defendants, at all relevant times, acted consistently with applicable laws, rules, regulations, and constitutional provisions.

## THIRD DEFENSE

Defendants deny all allegations of wrongdoing including, but not limited to, any alleged violations of statutory and common law, and further deny that plaintiffs are entitled to any relief.

## FOURTH DEFENSE

Plaintiffs' claims fail to meet the requirements for class certification under Federal Rule of Civil Procedure 23.

## FIFTH DEFENSE

The Complaint fails to allege sufficient facts to establish municipal liability under 42 U.S.C. § 1983.

## SIXTH DEFENSE

The District, its agents, servants, and employees, acting within the course and scope of their employment, have performed their obligations, if any, toward the plaintiffs in accordance with all applicable regulatory, statutory, constitutional, and common law requirements.

## SEVENTH DEFENSE

The doctrines of waiver, estoppel, unclean hands and laches equitably bar plaintiffs from seeking the relief sought in the Complaint.

## EIGHTH DEFENSE

If plaintiffs were injured or damaged as alleged in the Complaint, such injuries or damages foreseeably resulted from the conduct of a person or entity other than defendants, or factors outside defendants' control.

## NINTH DEFENSE

Plaintiffs are not entitled to any equitable relief from this Court because of their own actions or inactions.

## TENTH DEFENSE

The Complaint should be dismissed, in whole or in part, because the injunctive relief requested by plaintiffs exceeds the scope of their claims.

## ELEVENTH DEFENSE

Plaintiffs lack standing.

## TWELFTH DEFENSE

Plaintiffs' claims are not ripe.

## THIRTEENTH DEFENSE

Plaintiffs' claims are moot.

## FOURTEENTH DEFENSE

Plaintiffs' claims are barred by the statute of limitations.

## ANSWER

The District, on behalf of all defendants, asserts that any allegation not specifically admitted in this Answer is denied and responds to the individually numbered paragraphs of the Complaint as follows:

1. This paragraph purports to characterize the nature of plaintiffs' action. To the extent a response is required, the District denies the allegations in this paragraph.

2. The District denies the allegations in this paragraph.

3. The District denies the allegations in this paragraph.

4. The District lacks sufficient information to admit or deny the allegations in this paragraph.

5. The District lacks sufficient information to admit or deny the allegations in this paragraph.

6. The District admits that this action is brought by the named plaintiff children and University Legal Services, Inc. The District lacks sufficient information to admit or deny the remaining allegations in this paragraph.

7. The District admits that advocates have requested that the District provide certain services. The District denies the remaining allegations in this paragraph.

8. The District admits that plaintiffs' counsel raised certain issues with the District over the course of several months in 2018. The District denies that it fails to provide ICBS or that plaintiffs' counsel have identified urgent and systemic failures. The District otherwise lacks sufficient information to admit or deny the allegations in this paragraph.

9. This paragraph purports to characterize a section of federal law. To the extent a response is required, the District denies the allegations in this paragraph.

10. The District denies the allegations in this paragraph.

### PARTIES[1]

**A.  Plaintiffs**

11. The District lacks sufficient information to admit or deny the allegations in this paragraph.

12. The District lacks sufficient information to admit or deny the allegations in this paragraph.

13. The District lacks sufficient information to admit or deny the allegations in this paragraph.

---

[1] Headings are provided to correspond to the Complaint to assist the Court in reviewing the Answer. However, the District denies all statements in the headings.

14. This paragraph purports to characterize District and federal law. To the extent a response is required, the District denies the allegations in this paragraph.

15. The District lacks sufficient information to admit or deny the allegations in this paragraph.

**B.    Defendants**

16. The District admits the allegations in this paragraph.

17. The District admits that Muriel Bowser, as Mayor of the District of Columbia, is the chief executive officer of the District and that she is sued in her official capacity. This paragraph also purports to characterize District law. To the extent a response is required, the District denies the remaining allegations in this paragraph.

18. The District denies that Tanya Royster is the Director of the District of Columbia Department of Behavioral Health. This paragraph also purports to characterize District law. To the extent a response is required, the District denies the remaining allegations in this paragraph.

19. The District admits that Wayne Turnage is the Director of the District of Columbia Department of Health Care Finance (DHCF) and that he is sued in his official capacity. This paragraph also purports to characterize District law. To the extent a response is required, the District denies the remaining allegations in this paragraph.

**JURISDICTION AND VENUE**

20. This paragraph contains plaintiffs' legal conclusions. To the extent a response is required, the District denies the allegations in this paragraph.

21. This paragraph contains plaintiffs' legal conclusions. To the extent a response is required, the District denies the allegations in this paragraph.

## CLASS ACTION ALLEGATIONS

22. This paragraph characterizes the nature of plaintiffs' action and states legal conclusions. To the extent a response is required, the District denies the allegations in this paragraph.

23. The District denies the allegations in this paragraph.

24. The District denies the allegations in this paragraph.

25. The District denies the allegations in this paragraph.

26. The District denies the allegations in this paragraph.

27. The District denies the allegations in this paragraph.

## STATUTORY BACKGROUND

**A. The Americans with Disabilities Act and Section 504 of the Rehabilitation Act**

28. This paragraph purports to characterize federal law. To the extent a response is required, the District denies the allegations in this paragraph.

29. This paragraph purports to characterize federal law. To the extent a response is required, the District denies the allegations in this paragraph.

30. This paragraph purports to characterize federal law. To the extent a response is required, the District denies the allegations in this paragraph.

31. This paragraph purports to characterize federal law. To the extent a response is required, the District denies the allegations in this paragraph.

32. The District denies the first sentence of this paragraph. The District lacks sufficient information to admit or deny the allegation in the second sentence of this paragraph.

33. The District denies the allegations in this paragraph.

### B. The Federal Medicaid Program

34. This paragraph purports to characterize federal law. To the extent a response is required, the District denies the allegations in this paragraph.

35. This paragraph purports to characterize federal law. To the extent a response is required, the District denies the allegations in this paragraph.

36. This paragraph purports to characterize federal law. To the extent a response is required, the District denies the allegations in this paragraph.

37. The first sentence in this paragraph purports to characterize federal law. To the extent a response is required, the District denies the allegation. The District lacks sufficient information to admit or deny the allegation in the second sentence of this paragraph.

## FACTUAL ALLEGATIONS

### A. The District's Inadequate Service System.

38. The District denies the allegations in this paragraph.

39. The District lacks sufficient information to admit or deny the allegations in this paragraph.

40. The District lacks sufficient information to admit or deny the allegation in the first sentence of this paragraph. The second sentence in this paragraph contains plaintiffs' legal conclusions. To the extent a response is required, the District denies the allegation.

41. The District denies that there is no service provider in the District that offers ICBS and denies that plaintiffs provided an accurate citation to a document describing the number of children budgeted to receive "high fidelity wraparound" in fiscal year 2018. The District lacks sufficient information to admit or deny the remaining allegations in this paragraph.

42. The District admits the first sentence in this paragraph. The District denies the remaining allegations in this paragraph.

43. The District admits the first sentence in this paragraph. The District admits that the January 2018 Department of Behavioral Health *Mental Health and Substance Use Report on Expenditures and Services* stated that only three children received "ACT" in fiscal year 2017. The District lacks sufficient information to admit or deny the remaining allegations in this paragraph.

44. The District denies the allegations in this paragraph.

45. The District denies the allegations in this paragraph.

46. The District denies the allegations in this paragraph.

47. The District admits that plaintiffs' counsel engaged with the District over the course of several months before bringing this action, and that the District has claimed that it has made significant investments in its children's behavioral health system over the past ten years. The District denies the remaining allegations in this paragraph.

48. The District denies the first two sentences of this paragraph. The District lacks sufficient information to admit or deny the remaining allegations in this paragraph.

**B. The District's Failures Harm the Individual Plaintiffs**

49. The District lacks sufficient information to admit or deny the allegations in this paragraph.

50. The District lacks sufficient information to admit or deny the allegations in this paragraph.

51. The District denies the allegations in this paragraph.

52. The District lacks sufficient information to admit or deny the allegations in this paragraph.

53. The District lacks sufficient information to admit or deny the allegations in this paragraph.

54. The District lacks sufficient information to admit or deny the allegations in this paragraph.

55. The District lacks sufficient information to admit or deny the allegations in this paragraph.

56. The District denies the allegations in this paragraph.

57. The District denies that L.R. is currently institutionalized at a residential facility operated by the Department of Youth Rehabilitation Services. The District lacks sufficient information to admit or deny the remaining allegations in this paragraph.

58. The District lacks sufficient information to admit or deny the allegations in this paragraph.

59. The District denies the allegations in this paragraph.

60. The District lacks sufficient information to admit or deny the allegations in this paragraph.

61. The District lacks sufficient information to admit or deny the allegations in this paragraph.

62. The District lacks sufficient information to admit or deny the allegations in this paragraph.

63. The District denies the last sentence of this paragraph. The District lacks sufficient information to admit or deny the remaining allegations in this paragraph.

64. The District denies the allegations in this paragraph.

65. This paragraph contains plaintiffs' legal conclusions. To the extent a response is required, the District denies the allegations in this paragraph.

## CAUSES OF ACTION

**Count 1 — Americans with Disabilities Act, 42 U.S.C. § 12131 *et seq.*, and Section 504 of the Rehabilitation Act, 29 U.S.C. § 794.**

66. This paragraph adopts by reference the contents of other paragraphs and requires no specific response from defendants. The District restates the responses to the preceding paragraphs as if fully incorporated here.

67. The first sentence of this paragraph contains plaintiffs' legal conclusions. To the extent a response is required, the District denies the allegation. The District lacks sufficient information to admit or deny the allegations in the second sentence.

68. The District admits that defendants Bowser and Turnage are District officials. The District denies that defendant Royster is a District official. This paragraph otherwise contains plaintiffs' legal conclusions. To the extent a response is required, the District denies the allegations.

69. The District denies the allegations in this paragraph.

70. This paragraph contains plaintiffs' legal conclusions. To the extent a response is required, the District denies the allegations.

**Count II[2] — Medicaid Act, 42 U.S.C. § 1396d *et seq.* and 42 U.S.C. § 1983.**

71. This paragraph adopts by reference the contents of other paragraphs and requires no specific response from defendants. The District restates the responses to the preceding paragraphs as if fully incorporated here.

72. The District denies the allegations in this paragraph.

73. The District denies subparts (a) and (b) of this paragraph. The paragraph otherwise contains plaintiffs' legal conclusions. To the extent a response is required, the District denies the allegations.

## REQUEST FOR RELIEF

The District denies that plaintiffs are entitled to the relief sought in the Complaint. The District requests judgment dismissing the Complaint with prejudice and awarding the District the costs of this action, and such additional relief as the Court may deem appropriate.

## **DEMAND FOR JURY TRIAL**

Pursuant to Federal Rule of Civil Procedure 38(b), the District demands a jury trial on all issues and claims triable by jury in this case.

Dated:  August 15, 2019.          Respectfully submitted,

                                           KARL A. RACINE
                                           Attorney General for the District of Columbia

                                           TONI MICHELLE JACKSON
                                           Deputy Attorney General
                                           Public Interest Division

                                           */s/ Fernando Amarillas*
                                           FERNANDO AMARILLAS [974858]
                                           Chief, Equity Section

---

[2]     The Complaint styles its first count with an Arabic numeral and the second with a Roman numeral.

>*/s/ Gregory M. Cumming*
>GREGORY CUMMING [1018173]
>MATEYA B. KELLEY [888219451]
>Assistant Attorneys General
>441 Fourth Street, N.W., Suite 630 South
>Washington, D.C.  20001
>(202) 724-6627
>(202) 741-8934 (fax)
>gregory.cumming@dc.gov
>
>*Counsel for Defendants*