UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

FILED
OCT 25 2019
Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

| | |
|---|---|
| M.J., *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>DISTRICT OF COLUMBIA, *et al.*,<br><br>Defendants. | Civil Action No. 18-1901 (EGS) |

## STIPULATED PROTECTIVE ORDER

Pursuant to Fed. R. Civ. P. 26(c), and it appearing that discovery will involve the disclosure of Confidential Information, including information subject to the Health Insurance Portability & Accountability Act of 1996 ("HIPAA") and/or the District of Columbia Mental Health Information Act ("DCMHIA"), IT IS STIPULATED AND ORDERED that:

**I.     Confidential Information**

A. The following categories of information produced by a party may be designated as CONFIDENTIAL under this Protective Order:

1. personal information, including, but not limited to, an individual's home address, telephone number, date of birth, social security number, all personal information that pertains to the financial affairs and health (physical or mental) of the plaintiffs including any state or federal identification number, or any other personal information unique to such individual;

2. information protected by or specifically prohibited from release by statute or regulation, including protected health information and mental health information under HIPAA and/or DCMHIA;

      3. non-public records relating to the District of Columbia's internal operations; and,

      4. other information that a producing party reasonably and in good faith determines should be subject to the terms of this Protective Order.

    B. As set forth below, information and things that are stamped "CONFIDENTIAL" and meet one or more of the criteria set forth in Section I.A.1-4 shall not be used or disclosed by any party for any purpose other than discovery, trial, any appeals in this action, and any use authorized by the person to whom such confidential information pertains as set forth in Section III.A below.

**II.** **Timing and Classification of Confidential Information**

    A. Any party wishing to designate information as CONFIDENTIAL shall at the time of production stamp or otherwise mark the produced document or other thing with the word(s) "CONFIDENTIAL" or "CONFIDENTIAL INFORMATION."

    B. If a party produces data from a database, it may designate data within a field or fields of the Exported Data as CONFIDENTIAL, if the data in the field satisfies the definition set forth in Section I.A. Such CONFIDENTIAL data will fall within the terms of this Protective Order. Any compilation or subset of the Exported Data that contains data from fields marked as CONFIDENTIAL can only be disclosed as specified in this Protective Order. Any document containing Exported Data designated as CONFIDENTIAL shall be treated as CONFIDENTIAL.

    C. Any party wishing to designate information provided by another party or a non-party as CONFIDENTIAL shall submit to the other parties, within twenty business days following production or disclosure, a written designation of the documents or things containing such information. During the twenty business days following production by a party, or non-party,

all such documents and things shall be deemed to contain and/or constitute CONFIDENTIAL INFORMATION.

      D. The parties shall make a good-faith effort to designate CONFIDENTIAL INFORMATION properly and with the appropriate classification at the time of production. However, inadvertent or unintentional disclosure by any party of CONFIDENTIAL INFORMATION without any, or the appropriate, classification regardless of whether the CONFIDENTIAL INFORMATION was designated at the time of disclosure, shall not be deemed a waiver of a party's claim of confidentiality, either as to a specific document or information, and the parties shall, upon notice, treat such CONFIDENTIAL INFORMATION according to the correct designation and classification. A receiving party shall make a good faith effort to locate and mark appropriately any CONFIDENTIAL INFORMATION upon receipt of such notice.

### III.  Handling of Confidential Information

      A. All CONFIDENTIAL INFORMATION shall be treated during this action, including appeal, as proprietary and shall be disclosed or provided only to: (1) counsel who are attorneys of record for the parties to this action (including such counsel's partners, shareholders, associates, associated counsel, paralegals, interns, secretarial, technical, and clerical personnel); (2) experts employed by such counsel for consultation or to render expert reports under Fed. R. Civ. P. 26(a)(2) (and the secretarial and clerical personnel of such experts); (3) technical consultants or vendors and all related staff retained to handle discovery including but not limited to electronic discovery; and (4) the Court, Court personnel, and such other personnel as the Court may authorize under seal; (5) certified court reporters, and the parties' respective copy vendors and other litigation support vendors; (6) the person to whom CONFIDENTIAL INFORMATION pertains, if applicable, and that person's legal guardian or personal representative; (7) individuals

who any party or party's legal counsel deposes in this action; (8) any person identified as a signatory, author, addressee, or recipient of such information; and (9) such other persons if this Court so orders or if all parties agree in writing. Any information designated "CONFIDENTIAL" by the producing party shall be treated as proprietary and shall not be used or disclosed by any receiving party for any purpose, other than as specified during discovery, trial, and/or any appeal in this action unless the person to whom such CONFIDENTIAL INFORMATION pertains, or that person's legal guardian or personal representative, if applicable, authorizes its use for any other particular purpose, including purposes authorized by the Protection and Advocacy of Individuals with Mental Illness Act, 42 U.S.C. §§ 10801-10851, HIPAA, or DCMHIA.

B. All persons (other than the persons identified in Sections III.A(1)-(6)) authorized to have access to CONFIDENTIAL INFORMATION under this Protective Order shall sign a statement acknowledging their agreement to the terms of this Protective Order in the form of Exhibit A.

## IV. Challenges to Confidentiality Designations

A. If any party disagrees at any stage with the designation of any information as CONFIDENTIAL, the parties shall first try to resolve the dispute in good faith informally. Any receiving party may request that the producing or designating party withdraw the CONFIDENTIAL designation regarding any information. Any such request shall be made in writing, served on counsel for the producing or designating party, and shall identify: (a) the CONFIDENTIAL INFORMATION that the receiving party contends is improperly designated; and (b) the basis for the receiving party's objection(s) to the designation.

B. If the parties cannot resolve their dispute informally, the receiving party may object to the designation by motion before the Court. The burden of proving the

confidentiality of the designated information shall be borne by the party that produced the information and/or designated it CONFIDENTIAL. If a motion should be filed, the initial CONFIDENTIAL designation shall remain in place until the Court has ruled on such motion and thereafter shall be governed by the Court's ruling. If the parties cannot resolve their dispute informally, and a party elects to file no motion with the Court, the initial CONFIDENTIAL designation shall remain in place.

C. The acceptance by any party of any information designated CONFIDENTIAL shall not constitute evidence, an admission, or a concession that the information is confidential or proprietary.

V. **Confidential Information at Depositions**

A. Other than Court personnel and Court reporters, only the parties, counsel of record for the parties, the witness (including his or her attorney), and experts who have signed the Exhibit A agreement may be present at any examination concerning CONFIDENTIAL INFORMATION of another party or a third party.

B. A party may designate as CONFIDENTIAL any information, testimony, or exhibit disclosed or obtained during a deposition that meets the definition of Section I.A by indicating on the record during the deposition that such is CONFIDENTIAL and subject to this Protective Order. Whenever any information designated as CONFIDENTIAL that meets the definition of Section I.A is marked as an exhibit during a deposition, upon the conclusion of the deposition the exhibit shall be separately bound and placed in a sealed envelope bearing the CONFIDENTIAL designation, unless the parties stipulate otherwise in writing prior to the deposition or at the deposition on the record. Any party who objects to any CONFIDENTIAL designation made at or during a deposition must note the objection on the record. The

CONFIDENTIAL designation of material that meets the definition of Section I.A shall remain in place, and the objecting party shall be barred from publicly disclosing the information, testimony, transcript, or exhibit designated as CONFIDENTIAL without the prior approval of the Court or the withdrawal of the designation by the designating party.

C. All deposition transcripts shall be treated as CONFIDENTIAL INFORMATION subject to the Protective Order for twenty business days after receipt of each of the transcripts, during which time any party may designate portions of such transcript as CONFIDENTIAL by notifying all parties, in writing, of the specific pages and lines of the transcript that should be treated as CONFIDENTIAL. Notwithstanding the passage of twenty business days, if opposing counsel has not disseminated information subject to this Protective Order, the right to so designate shall remain, subject to challenge. If such a challenge is made, the party allowing the twenty business days to pass shall have to show that the information has not become part of the public domain.

### VI. Confidential Information in Court Filings

A. Information designated as "CONFIDENTIAL" under this Protective Order that meets the definition of Section I.A does not lose its designation if that information is subsequently filed with the Court by any designating party, non-designating party, or a third party, whether that submission is made by written motion, pleading, memorandum, or any other submission to the court, including, without limitation, any demonstrative, attachment, transcript, appendix, and/or exhibit submitted to the Court.

B. To the extent that any party seeks to file any materials designated as CONFIDENTIAL (or any pleading, memorandum or other submission to the Court purporting to discuss, reproduce, summarize, or paraphrase any such CONFIDENTIAL INFORMATION), such

party shall file those materials (or pleading, memorandum, or other submission) under seal pursuant to LCvR 5.1 and the procedures set forth by the Court and file such materials electronically under seal or, if filed in paper format, in sealed envelopes or other appropriate sealed containers pursuant to LCvR 5.1(j) and Part II.H. of the Clerk's Office General Information and Civil Filing Procedures and on which shall be endorsed the caption of this litigation, an indication of the nature of the contents, the words "CONFIDENTIAL INFORMATION" and "DOCUMENTS SUBJECT TO PROTECTIVE ORDER," and a statement in substantially the following form: "This envelope, containing documents that are filed in this case by (name or party), is not to be opened nor are the contents to be displayed or revealed except by order of the Court or consent of all the parties."

**VII.    Use of Confidential Information in Open Court**

      A. CONFIDENTIAL INFORMATION does not lose its designation as such if that information is subsequently offered during a hearing, at trial, or otherwise in open court by any party or a third party, whether elicited or presented through argument and/or objection in open court, statement to the jury, direct examination, cross-examination and/or redirect examination, or through any demonstrative, attachment, transcript, appendix, and/or exhibit offered in open court.

      B. The use of CONFIDENTIAL INFORMATION during a hearing, at trial, or otherwise in open court shall be subject to such protection as the Court shall determine. Nothing in this Protective Order shall be deemed a waiver of any right to object on any ground to the admission in evidence of any CONFIDENTIAL INFORMATION. A party that intends to introduce its own CONFIDENTIAL INFORMATION at a hearing or trial shall be responsible for taking appropriate measures with the Court to maintain its confidentiality. If a party intends to introduce an opponent's CONFIDENTIAL INFORMATION, it shall notify the opponent in

writing before it intends to introduce the opponent's CONFIDENTIAL INFORMATION. If the opponent desires to maintain the confidentiality of its material, it shall be responsible for taking appropriate measures to maintain its confidentiality.

**VIII.   Exclusion of Public Domain Information**

A. Nothing in this Protective Order shall preclude any party to this action, such party's attorney, or any other person from disclosing or using, in any manner or for any purpose, any information in the public domain if such information is lawfully obtained from another source such as a third party having the right to disclose such information.

**IX.   Non-Waiver of Privileges and Objections**

A. Nothing in this Protective Order shall be construed to require the production of CONFIDENTIAL INFORMATION privileged or otherwise protected from disclosure ("Protected Material"). The entry of this Protective Order shall not constitute a waiver by any party of any objection to the disclosure or production of any information or material during discovery, including that the information or material is prohibited from disclosure by federal or District of Columbia law.

B. Nothing in this Protective Order shall be construed to mean that the production of CONFIDENTIAL INFORMATION (in whole or in part) constitutes either: (i) an admission by any party that the produced information is relevant, authentic, or properly produced, or (ii) a waiver of any right properly to withhold from production any other document.

C. Nothing in this Protective Order shall prevent any person from asserting the attorney-client privilege, the work-product doctrine, or any privilege or immunity as to any discovery, including any discovery that may have been inadvertently produced.

D.  The production or disclosure of an attorney-client privileged, attorney work product, or other protected document or information medium shall not be deemed a waiver of the privilege, work product, or other protection or immunity from discovery by the producing party in this or any subsequent state or federal proceeding under Federal Rule of Evidence 502, regardless of the circumstances of disclosure. If any party should learn of the production or disclosure of Protected Material by any other party, the receiving party shall provide written notice of such production or disclosure within three days and immediately return or destroy the Protected Material. Nothing shall be construed to prevent the party returning the disclosed Protected Material from seeking production of any documents under the Federal Rules of Civil Procedure.

X.  **Miscellaneous**

A. Nothing in this Protective Order shall be construed as limiting or otherwise restricting a party's use of its own CONFIDENTIAL INFORMATION for any purpose or as requiring District employees to sign an acknowledgement prior to obtaining such information.

B. This Protective Order shall survive the final termination of this litigation and shall continue to apply to all CONFIDENTIAL INFORMATION that has not properly become a matter of public record. Following final termination of this litigation, this Court shall retain jurisdiction over the parties and all persons who received access to CONFIDENTIAL INFORMATION under the terms of this Protective Order.

C. This Protective Order shall be binding upon the parties, upon their attorneys, and upon the parties and their attorneys' successors, executors, personal representatives, administrators, heirs, legal representatives, assigns, subsidiaries, divisions, officers, directors, employees, agents, and independent contractors, and other persons or organizations over which they have control.

D. Nothing in this Protective Order shall bar or otherwise restrict any attorney from rendering advice to the attorney's party-client regarding this action, and in the representation, relying upon an examination of CONFIDENTIAL INFORMATION; provided, however, that in rendering such advice and in otherwise communicating with the party-client, the attorney shall not disclose the proprietary substance of any CONFIDENTIAL INFORMATION he or she has received pursuant to this Protective Order nor the source of any such CONFIDENTIAL INFORMATION to anyone not authorized to receive such documents, things, materials, or information under the terms of this Protective Order.

E. Within thirty days after the final termination of this action, including all appeals, and unless otherwise required by law, the attorneys for each party shall assemble and return to the opposing party all CONFIDENTIAL INFORMATION produced by the opposing party or shall destroy all copies which respective parties have in their possession, custody, or control and inform the opposing party that they have done so. The attorneys for the parties may retain all pleadings and litigation documents, including exhibits and their own memoranda, containing CONFIDENTIAL INFORMATION but such litigation documents and memoranda shall be used only to preserve a file on this action, and shall not, without the written permission of the opposing party or an order of this Court, be disclosed to anyone other than the outside attorneys to whom such information was disclosed under this Protective Order during this action.

F. In the event that a party seeks discovery from a third party to this action, that third party may invoke the terms of this Protective Order in writing to all parties to this suit and produce any such discovery in accordance with, and subject to the terms of, this Protective Order.

G. Production of information designated as CONFIDENTIAL pursuant to this Protective Order by a receiving party in response to an order of any court or governmental agency shall not be deemed a violation of the terms of this Protective Order, provided that the party receiving such order shall promptly and in all cases before any document production is made in response to the order notify the party or non-party who has produced such CONFIDENTIAL INFORMATION of the order. The receiving party also must promptly inform in writing the party that caused the order to issue that some or all of the material covered by the order is subject to this Protective Order and provide such party with a copy of this Protective Order. Nothing in these provisions shall be construed as authorizing or encouraging the receiving party in this litigation to disobey a lawful directive of another court.

H. If a party inadvertently or otherwise improperly discloses CONFIDENTIAL INFORMATION to a person who is not entitled to receive CONFIDENTIAL INFORMATION pursuant to this Protective Order, the party must take reasonable steps to: notify the producing party of the recipient(s) and circumstances of the disclosure, use best efforts to bind the recipient(s) to the terms of this Protective Order or ensure the return/destruction of the CONFIDENTIAL INFORMATION, and prevent further improper disclosure.

APPROVED AND SO ORDERED this _____ day of _____, 2019.

THE HONORABLE EMMET G. SULLIVAN
Judge, United States District Court
for the District of Columbia