UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| M.J., et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| - against - ) | Civ. No. 1:18-cv-1901 (EGS) |
| ) | |
| The District of Columbia, et al., ) | |
| ) | |
| Defendants. ) | |
| ) | |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFFS' MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT AND SUPPLEMENT TO MOTION FOR CLASS CERTIFICATION**

Plaintiffs L.R., B.T., and M.W., on behalf of themselves and all others similarly situated, and University Legal Services, Inc. (doing business as "Disability Rights DC") (hereinafter "Plaintiffs") move pursuant to Federal Rule of Civil Procedure 15(a)(2) and Local Civil Rule 7(i) for leave to amend their First Amended Class Action Complaint for Injunctive and Declaratory Relief (ECF No. 78) (the "First Amended Complaint"), as well as move to file a Supplement to Plaintiffs' Motion for Class Certification. Plaintiffs' proposed Second Amended Class Action Complaint for Injunctive and Declaratory Relief (the "Second Amended Complaint") is filed herewith as Exhibit A to Plaintiffs' Motion. A redline comparison of the First Amended Complaint and the Second Amended Complaint is filed herewith as Exhibit B to Plaintiffs' Motion. Finally, Plaintiffs' proposed Supplement to Plaintiffs' Motion for Class Certification is attached herewith as Exhibit C to Plaintiffs' Motion. Defendants have represented that they do not oppose the relief requested by this Motion, provided the Court sets a briefing schedule concerning the proposed Supplement to Plaintiff's Motion for Class Certification as described in the Motion.

## BACKGROUND

Plaintiffs brought this class action for declaratory and prospective injunctive relief on August 14, 2018, alleging that Defendants fail to provide medically necessary and legally required intensive community-based services ("ICBS") to children with mental health disabilities in the District of Columbia (the "District"). Plaintiffs' original Class Action Complaint for Injunctive and Declaratory Relief (the "Complaint") included two named individuals, M.J. and L.R., who brought this action through their next friends since they were minors at the time the original Complaint was filed,[1] as well as Disability Rights D.C., the Protection and Advocacy agency appointed by the District to advocate for the rights of individuals with mental illnesses.

The lengthy process of litigating this complex action has required Plaintiffs to address several significant updates to the children serving as named plaintiffs. Plaintiffs were first required to withdraw Plaintiff M.J. as a named plaintiff, after she chose to relocate outside the District to obtain proper respite care for her mental health challenges that she could not obtain within the District. (*See* ECF No. 56-1; Feb. 25, 2020 Min. Order.) On July 19, 2021, Plaintiffs next sought leave to file its First Amended Complaint to address the aging of Plaintiff L.R., who was 17 years old when this action was filed and had since turned 20 years old. (*See* Complaint ¶ 12; ECF No. 76.) In order to prevent L.R., the only named representative, from being older than the children and youth in the putative class, Plaintiffs sought leave to add two additional named individual plaintiffs, B.T. and M.W., whom Plaintiffs expected would remain under the age of 21 until the Court ruled on Plaintiffs' Motion for Class Certification. (*See* ECF No. 76-3 at 2; ECF 74.)

---

[1] Plaintiff L.R. has turned 18-years-old since this action was filed and now maintains this action on her own behalf, rather than through her next friend, D.M.

At the time the First Amended Complaint was filed, Plaintiffs B.T. and M.W., along with L.R., were all 20-year-old Medicaid-eligible youth with mental health disabilities living within the District who had all alleged that they had been denied medically-necessary ICBS.  (First Amended Complaint ¶¶ 11-13.)  The denial of these services have caused each of these youth to be unnecessarily institutionalized and at a serious risk of further unnecessary institutionalization.  (*See id.*)  As detailed in the First Amended Complaint, each of these named plaintiffs have been hospitalized numerous times and frequently placed in residential treatment facilities, group homes, and/or detention facilities due to their mental health disabilities.  (*Id.* ¶¶ 50-72.)

On July 19, 2021, the same day Plaintiffs sought leave to file the First Amended Complaint, Plaintiffs filed their Motion for Class Certification.  (*See* ECF No. 74.)  The parties are currently awaiting a decision on the Motion for Class Certification, which has been fully briefed as of December 24, 2021.  (*See* ECF Nos. 74, 83, 90.)  Plaintiffs had anticipated that named plaintiffs M.W. and B.T. would remain within the putative class while the Motion for Class Certification was resolved, even as L.R. aged out.  However, since filing of the Motion for Class Certification, Plaintiff M.W. has turned 21 years old and Plaintiff B.T. will turn 21 years old by the end of June 2022.  To ensure that the individual named plaintiffs continue to include Medicaid-eligible youth in the District who are members of the putative class, pending a resolution on the Motion for Class Certification, Plaintiffs seek leave to file a second amended complaint that will add an additional named individual plaintiff, I.C., who will remain under the age of 21 through 2025, as well as a supplement to the pending Motion for Class Certification addressing how the proposed additional named plaintiff, I.C., meets the requirements of Rule 23.

## ARGUMENT

Under Federal Rule of Civil Procedure 15(a)(2), a "court should freely give leave when justice so requires" to amend pleadings. The Supreme Court has forcefully declared that "[t]his mandate is to be heeded." *Foman v. Davis*, 371 U.S. 178, 182 (1962). "If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits." *Id*. The underlying facts Plaintiffs rely upon are a proper subject of relief, given that children and youth in the District continue to suffer harm as a result of being denied medically-necessary ICBS. Justice requires that Plaintiffs be permitted to amend their Complaint to add allegations concerning a new named plaintiff, I.C., who is similarly situated to, and has suffered similar injuries as, Plaintiffs L.R., B.T., M.W., and other members of the Plaintiff class. Doing so will ensure that the named plaintiffs in this action do not age out of the proposed class and impede Plaintiffs' efforts to certify a class. Further, permitting Plaintiffs to file the proposed Supplement to Plaintiff's Motion for Class Certification will serve the interests of justice and judicial economy by avoiding a need to re-brief the entirety of Plaintiff's Motion for Class Certification to address new named plaintiff, I.C.

A party is "free to amend its pleading 'with the opposing party's written consent or the court's leave.'" *Barnes v. District of Columbia*, 42 F. Supp. 3d 111, 119 (D.D.C. 2014) (*quoting* Fed. R. Civ. P. 15(a)(2)). Defendants do not oppose the filing of Plaintiffs' Second Amended Complaint. Accordingly, Plaintiffs request this Court accept the unopposed filing of the Second Amended Complaint.

In any event, Plaintiffs should be permitted to amend their complaint. "Denial of leave to amend . . . constitutes an abuse of discretion unless the court gives sufficient reason, such as futility of amendment, undue delay, bad faith, dilatory motive, undue prejudice, or repeated failure

4

to cure deficiencies by previous amendments." *Boyd v. District of Columbia*, 465 F. Supp. 2d 1, 3 (D.D.C. 2006) (citing *Foman*, 371 U.S. at 182; *Caribbean Broad. Sys., Ltd. v. Cable & Wireless P.L.C.*, 148 F.3d 1080, 1083 (D.C. Cir. 1998)).  As was the case when Plaintiff's Motion for Leave to File the First Amended Complaint was granted, no such circumstances are again present here.

First, Plaintiffs' Second Amended Complaint is not futile.  "[A] district court has discretion to deny a motion to amend on grounds of futility where the proposed complaint would not survive a motion to dismiss," *In re Interbank Funding Corp. Securities Litigation*, 629 F.3d 213, 215 (D.C. Cir. 2010) (alteration in original) (quoting *Nat'l Wrestling Coaches Ass'n v. Dep't of Educ*, 366 F.3d 930, 945 (D.C. Cir. 2004)), or where the amendment merely restates the same facts as the original complaint, reasserts a claim on which the court previously ruled, or fails to state a legal theory.  *Robinson v. Detroit News, Inc.*, 211 F. Supp. 2d 101, 114 (D.D.C. 2002) (citing 3 Moore's Federal Practice § 15.15[3] (3d ed. 2000)).  Plaintiffs' Second Amended Complaint contains none of these fatal qualities.

Plaintiffs' Second Amended Complaint would survive a motion to dismiss if Defendants were to make one.  The Court already denied a motion to dismiss Plaintiffs' Complaint.  (*See* ECF No. 45.)  The Second Amended Complaint seeks only to add an additional named plaintiff who has suffered the same harms as L.R., B.T., and M.W.  Like these named plaintiffs, I.C. is a Medicaid-eligible youth in the District with mental health disabilities alleging that Defendants' ongoing failure to provide necessary ICBS has led to his unnecessary institutionalization and other harms.

Furthermore, the fact that the current named plaintiffs are either at or approaching 21 years of age does not introduce any concern of dismissal for lack of standing.  Rather, this motion is brought precisely to avoid any concern of a lack of standing pending resolution of the Motion for

Class Certification.  "[T]he fact that the original named class representatives can no longer advance a live case or controversy does not mean that the claims of the putative class members are likewise moot or that they are somehow precluded from seeking class certification." *Daniel v. Fulwood*, 310 F.R.D. 5, 9 (D.D.C. 2015).  In *Daniel*, plaintiffs were permitted to "substitute as class representatives people who [were] still in jail and remain[ed] subject to the alleged *Ex Post Facto* violation for those named plaintiffs who [were] paroled and no longer in prison." *Id.* at 6. Plaintiffs' proposed Second Amended Complaint similarly seeks to add a class representative who will maintain continuity with the present named plaintiffs and adequately represent the interests of the putative class.

Plaintiffs' Second Amended Complaint also does not warrant refiling of the pending Motion for Class Certification.  Plaintiffs seek only to supplement their Motion for Class Certification to explain why I.C. is an appropriate member of the class and class representative. There is no concern that I.C. might not satisfy the requirements to serve as a class representative. I.C. alleges injuries substantially identical to those that faced by L.R., B.T., and M.W. and seeks remedies to which all children in the putative class are entitled.  Any re-briefing of Plaintiffs' Motion for Class Certification beyond addressing the addition of I.C. as a named plaintiff would unnecessarily delay a decision on the certification of the plaintiff class as I.C.'s allegations present "sufficient factual and legal similarity" to those of the current named plaintiffs and the putative class seeking medically-necessary ICBS.  *Garnett v. Zeilinger*, 301 F. Supp. 3d 199, 209 (D.D.C. 2018); *see also N.B. v. Hamos*, 26 F. Supp. 3d 756, 772 (N.D. Ill. 2014) (finding typicality where "named plaintiffs all suffer[ed] from mental illness and/or behavioral or emotional disorders . . .

[and] all of them are alleged to have been denied to [ICBS] based on the failure of [the state] to make them available . . . .").

Any remaining concerns regarding the futility of Plaintiff's Second Amended Complaint are insufficient. First, Plaintiff's Second Amended Complaint does not merely restate the same facts as the original complaint, reassert a claim on which the court previously ruled, or fail to state a legal theory. Rather, the Second Amended Complaint includes new facts concerning I.C., the Court has not previously ruled on the claims being brought on the merits, and the Second Amended Complaint states the same legal theory as before, which withstood Defendants' motion to dismiss.

Second, Plaintiffs' Motion is not a product of undue delay. "[I]n consideration of a motion to amend the complaint, timeliness is 'relevant only insofar as it suggests either bad faith on the part of the moving party or potential prejudice to the non-moving party should an amendment be allowed.'" *Boyd*, 465 F. Supp. 2d at 4 (quoting *Caribbean Broad. Sys., Ltd.*, 148 F.3d at 1084); *see also Harrison v. Rubin*, 174 F.3d 249, 252-53 (D.C. Cir. 1999) (holding the district court abused its discretion in denying leave to amend even though two years had passed since the filing of the complaint, the case was nearing trial, and the parties had almost concluded pre-trial discovery). Moreover, the litigation remains in its relatively early stages—the Court has not yet scheduled pretrial merits' discovery—and the amendment is not prejudicial to Defendants.

Third, Plaintiffs do not seek to amend the First Amended Complaint in bad faith or with a dilatory motive. Plaintiffs have brought this Motion to ensure there are adequate class representatives while the Court evaluates Plaintiffs' pending Motion for Class Certification. This Motion should not delay the litigation, and is being made in an effort to ensure that Plaintiffs' claims will be heard on their merits as promptly as possible.

Fourth, granting the Motion will not unduly prejudice the Defendants. "Undue prejudice

is not mere harm to the non-movant but a denial of the opportunity to present facts or evidence which would have been offered had the amendment been timely." *United States v. Honeywell Int'l, Inc.*, 318 F.R.D. 202, 206 (D.D.C. 2016) (quoting *Does I through III v. District of Columbia*, 815 F. Supp. 2d 208, 215 (D.D.C. 2011)).  There is no such denial here, nor is the proposed amendment untimely, as discussed above.  The addition of I.C. does not substantially affect the core of the case, which concerns Plaintiffs' allegations that Defendants have failed to provide ICBS on a class-wide basis.  Defendants will still have the opportunity to present facts and evidence, and can rely on similar evidence they have already obtained.

Fifth, and finally, there have been no prior deficiencies found in the First Amended Complaint nor the Complaint or any prior amendments thereto, so that cannot be grounds for denying leave to file the Second Amended Complaint.

## CONCLUSION

For the reasons stated above, Plaintiffs respectfully request leave to file the Amended Complaint.

Respectfully submitted this 24th day of June, 2022.

*/s/ Jason T. Mitchell*

Sandra J. Bernstein (D.C. Bar No. 455355)
Mary Nell Clark (D.C. Bar No. 419732)
Eva Richardson (D.C. Bar No. 1724670)
Kelsey Woodford (D.C. Bar No. 1739619)
DISABILITY RIGHTS DC AT UNIVERSITY LEGAL SERVICES
220 I Street NE, Suite 130
Washington, D.C. 20002
202-547-0198

Ira A. Burnim (D.C. Bar No. 406154)
Lewis L. Bossing (D.C. Bar No. 984609)
Brittany Vanneman (D.C. Bar No. 1736194)
JUDGE DAVID L. BAZELON CENTER FOR MENTAL HEALTH LAW
1090 Vermont Avenue, NW, Suite 220
Washington, D.C. 20005
202-467-5730

Poonam Juneja (appearing *pro hac vice*)
Brenda Star Adams (*pro hac vice* motion pending)
NATIONAL CENTER FOR YOUTH LAW
1212 Broadway, Suite 600
Oakland, CA 94612
510-835-8098

Howard Schiffman (D.C. Bar No. 358814)
Jason T. Mitchell (D.C. Bar No. 1005757)
SCHULTE ROTH & ZABEL LLP
901 Fifteenth Street NW, Suite 800
Washington, D.C. 20005
202-729-7470

*Attorneys for Plaintiffs*