**UNITED STATES DISTRICT COURT**
**DISTRICT OF COLUMBIA**

| | |
|---|---|
| M.J., et al., | ) |
| | ) |
|     Plaintiffs, | ) |
| | ) |
| v. | ) Civil Action No. 1:18-cv-1901 (EGS) |
| | ) **ORAL HEARING REQUESTED** |
| THE DISTRICT OF COLUMBIA, et al., | ) |
| | ) |
| | ) |
|     Defendants. | ) |

**SUPPLEMENT TO PLAINTIFFS' MOTION FOR CLASS CERTIFICATION**

Plaintiffs L.R., M.W., and B.T., on behalf of themselves and all others similarly situated, and University Legal Services, Inc. (doing business as "Disability Rights DC") (hereinafter "Plaintiffs"), and proposed Plaintiff I.C., hereby submit this supplement to their pending Motion for Class Certification. Plaintiffs have also moved herewith for leave to amend their First Amended Complaint, adding proposed Plaintiff I.C. as an additional individual named plaintiff in their proposed Second Amended Complaint.[1] Through this Supplement, Plaintiffs explain that (1) the claims or defenses of proposed Plaintiff I.C. are typical of the claims or defenses of the class; and (2) proposed Plaintiff I.C. will fairly and adequately protect the interests of the class.

---

[1] Plaintiff I.C. has filed a motion and accompanying memorandum requesting leave of the Court to proceed anonymously using his initials pursuant to Rule 5.1(h) of the Local Rules of the U.S. District Court for the District of Columbia, and consistent with Section 7-1204.05 of the District of Columbia Mental Health Information Act, given the sensitive mental health information disclosed herein and in Plaintiffs' motion to amend their Complaint.

Like L.R., M.W., B.T., and the other members of the Plaintiff class (together, the "Plaintiff Children"), proposed Plaintiff I.C. is a Medicaid-eligible child who has a mental health disability, by virtue of having a "serious emotional disturbance," and who is needlessly institutionalized or at serious risk of institutionalization because Defendants fail to provide him medically necessary intensive community-based services ("ICBS") as required by federal law.[2] *See* Declaration of Sara Boyd in Support of Plaintiffs' Supplement to Their Motion for Class Certification, Ex. A ("Boyd Supp. Report"), filed herewith, at ¶¶ 51-64, 79-82.  Proposed Plaintiff I.C. is entitled under federal law to receive ICBS,[3] which he needs in order to avoid unnecessary institutionalization and to improve his mental health condition.

Plaintiffs seek declaratory and injunctive relief under Title II of the ADA, 42 U.S.C. §§ 12132 *et. seq.*; Section 504 of the Rehabilitation Act, 29 U.S.C. § 794 ("Section 504"); and the Early and Periodic Screening, Diagnostic, and Treatment ("EPSDT") provisions of the Medicaid Act, 42 U.S.C. §§ 1396a(a)(43), 1396d(a)(4)(B), and 1396d(r).  Plaintiffs seek a single, class-wide order enjoining Defendants from subjecting the Plaintiff Children to policies and practices that violate their rights under these laws.  To achieve that end, Plaintiffs request certification of the following class:

> All Medicaid-eligible District of Columbia children who now or in the future are under the age of 21, have a mental health disability, are not receiving medically necessary intensive community-based services, and are unnecessarily institutionalized or at serious risk of institutionalization.

---

[2] For the sake of convenience, this Supplement refers to members of the putative class, including those aged 18-21, as "children."

[3] Capitalized terms not otherwise defined herein shall have the same meaning as set forth in Plaintiff's Memorandum of Law in Support of their Motion for Class Certification ("Pls.' Mem. Supp. Class Certification"), ECF No. 74-1.

For the reasons explained herein and in Plaintiffs' prior filings in support of their Motion for Class Certification, class certification remains appropriate.

### I. PROPOSED PLAINTIFF I.C.'S CLAIMS ARE TYPICAL OF THE CLAIMS OF THE CLASS MEMBERS BECAUSE THEY ARE BASED ON THE SAME LEGAL THEORY AND STEM FROM THE SAME SYSTEMIC FAILURE PERPETUATED BY DEFENDANTS.

Typicality exists when "the claims or defenses of the representative parties are typical of the claims or defenses of the class." Fed. R. Civ. P. 23(a)(3). Proposed Plaintiff I.C.'s claims are typical of those of the putative class. First, proposed Plaintiff I.C. alleges that Defendants harmed both him and the absent class members by violating common statutory schemes—the ADA, Section 504, and the Medicaid Act—in the same way. The violation of each of these statutory schemes and the related legal questions are common to proposed Plaintiff I.C. and to each absentee plaintiff. *See* Pls.' Mem. Supp. Class Certification, Dkt. No. 74-1, § IV.B. Second, the injury to I.C. and to the absent class members—unnecessary institutionalization and the serious risk of same—is based on the same course of conduct by the District in creating and maintaining a system that provides services to the Plaintiffs in institutional settings, instead of providing them in a community setting. Like the putative class members, I.C. has not received the ICBS he needs to improve his mental health condition, despite his desire for such services. *See* Boyd Supp. Report., ¶ 52 (finding I.C. "needed and continues to need ICBS, including intensive care coordination, intensive behavior support services, and mobile crisis services"); Declaration of I.C. in Support of Plaintiff's Motion for Class Certification ("I.C. Decl."), filed herewith, ¶ 31 ("I still want ICBS. I think it would probably help me now. If I could get ICBS, it would take a bigger burden off my and my family's backs."). This is consistent with the views of experts that have studied members of the putative class and the District's service system and concluded that those children did not

receive ICBS, which the District does not provide. *See* Pls.' Mem. Supp. Class Certification, Dkt. No. 74-1, § IV.C.

Proposed Plaintiff I.C. is at serious risk of institutionalization due to the District's failure to provide ICBS, as reflected by his history of cycling in and out of various institutions. *See* Boyd Supp. Report, ¶¶ 61-64 (finding that I.C. "has already been inappropriately institutionalized, and he remains at risk of future institutionalization due to a lack of access to ICBS. I.C. has been held in youth detention, been placed in residential treatment facilities for months, and had been hospitalized at Children's National and at the Psychiatric Institute of Washington. . . . Many—potentially all—of these institutionalizations could have been avoided if I.C. has received ICBS"); I.C. Decl., ¶¶ 16, 20-27 (describing history of institutionalization). The same is true of the putative class members. *See* Pls.' Mem. Supp. Class Certification, Dkt. No. 74-1, § IV.C. None of the Plaintiff Children has received needed services in the most integrated setting appropriate, which for all of them is in their own homes and communities or in another family or foster home with ICBS. *Id.* As a result, Plaintiffs allege they have all been harmed in the same manner, *compare* Pls.' Second Am. Compl. ¶¶ 2-3, 5, 44-48 (describing harms experienced by all class members) *with id.* ¶¶ 76-81 (describing harms experienced by I.C.), and that the provision of ICBS can remedy their harms, *see id.* ¶¶ 4, 38, 48; *see also* I.C. Decl., ¶¶ 30-31 (stating desire for ICBS and stating that District "should be helping us with our needs and listening to us about what we know we need, what we know will work for us").

Finally, there are no differences in facts or defenses that destroy typicality. Any factual differences that exist amongst proposed Plaintiff I.C. and the putative class members concerning their conditions do not prevent typicality. *See* Pls.' Mem. Supp. Class Certification, Dkt. No. 74-1, § IV.C.

## II. PROPOSED PLAINTIFF I.C. WILL ADEQUATELY REPRESENT THE CLASS BECAUSE HE SEEKS IDENTICAL RELIEF FOR ALL CLASS MEMBERS.

Rule 23(a) requires that the representative parties must "fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). Proposed Plaintiff I.C. and the other Plaintiff Children share the same interests in pursuing their rights to receive ICBS in the most integrated setting appropriate in order to improve their mental health conditions and help them avoid unnecessary institutionalization. *See* I.C. Decl., ¶¶ 31-32 (stating desire for ICBS and adding "I wish the District would provide me and other people like me with the services that we need as individuals. We know what is going to work for us"). The remedies sought by I.C.—injunctive and declaratory relief requiring that Defendants provide medically necessary ICBS to the Plaintiff Children—would equally benefit all of the putative class members. *See* Pls.' Mem. Supp. Class Certification, Dkt. No. 74-1, § IV.D. Accordingly, should Plaintiffs' unopposed Motion to amend their First Amended Complaint be granted, I.C. would be an adequate class representative.[4]

## III. CONCLUSION AND REQUEST FOR RELIEF

For the reasons set forth above and in Plaintiffs' prior filings in support of the instant Motion, Plaintiffs respectfully request that the Court, pursuant to Fed. R. Civ. P. 23(a) and 23(b)(2), certify a class consisting of:

> All Medicaid-eligible District of Columbia children who now or in the future are under the age of 21, have a mental health disability, are not receiving medically necessary intensive community-based services, and are unnecessarily institutionalized or at serious risk of institutionalization.

---

[4] *See* I.C. Decl., ¶ 33 ("I understand that this case is about more than just me. I know it's about other young people in the District who have mental health disabilities and went through some of the same stuff I did. I understand this is a class action for them and for me, to try to make sure we can get intensive community-based services as they have been explained to me.").

Respectfully submitted this 24th day of June 2022.

*/s/Jason T. Mitchell*

Sandra J. Bernstein (D.C. Bar No. 455355)
Mary Nell Clark (D.C. Bar No. 419732)
Eva I. Richardson (D.C. Bar No. 1724670)
Kelsey A. Woodford (D.C. Bar No. 1739619)
DISABILITY RIGHTS DC AT UNIVERSITY LEGAL SERVICES
220 I Street NE, Suite 130
Washington, D.C. 20002
202-547-0198

Ira A. Burnim (D.C. Bar No. 406154)
Lewis L. Bossing (D.C. Bar No. 984609)
Brittany Vanneman (D.C. Bar No. 1736194)
JUDGE DAVID L. BAZELON CENTER FOR MENTAL HEALTH LAW
1090 Vermont Avenue, NW, Suite 220
Washington, D.C. 20005
202-467-5730

Poonam Juneja (appearing *pro hac vice*)
Brenda Star Adams (*pro hac vice* motion pending)
NATIONAL CENTER FOR YOUTH LAW
1212 Broadway, Suite 600
Oakland, CA 94612
510-835-8098

Howard Schiffman (D.C. Bar No. 358814)
Jason T. Mitchell (D.C. Bar No. 1005757)
SCHULTE ROTH & ZABEL LLP
901 Fifteenth Street NW, Suite 800
Washington, D.C. 20005
202-729-7470

*Attorneys for Plaintiffs*