**UNITED STATES DISTRICT COURT**
**DISTRICT OF COLUMBIA**

| | |
|---|---|
| M.J., et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| - against - | )   Civ. No. 1:18-cv-1901 (ACR) |
| | ) |
| THE DISTRICT OF COLUMBIA, et al., | ) |
| | ) |
| Defendants. | ) |
| | ) |

**JOINT STATUS REPORT**

Plaintiffs L.R., B.T., M.W., and I.C., and University Legal Services, Inc. (doing business as "Disability Rights DC") (collectively, "Plaintiffs") and Defendants the District of Columbia, Mayor Muriel Bowser, in her official capacity, Barbara J. Bazron, in her official capacity as Director of the Department of Behavioral Health, and Wayne Turnage, in his official capacity as Director of the Department of Health Care Finance (collectively, the "Defendants"), by and through their respective undersigned counsel, respectfully submit the following Joint Status Report in response to the Court's April 4, 2023 Minute Order (the "Minute Order") directing the Parties to submit a joint status report.  Counsel for the Parties conferred regarding these topics during the weeks of April 17 and April 24, 2023.

1.  **Procedural History.**  For background, discovery in this matter to date has been limited to class certification issues and closed on December 3, 2021 through Minute Orders issued by the Court, including on November 4, 2019 and September 22, 2021.  Plaintiffs filed their Motion for Class Certification and Appointment of Class Counsel (the "Motion") on July 19, 2021 (ECF No. 74).  Defendants filed their Opposition to the Motion on October 27, 2021 (ECF No. 83), and Plaintiffs filed their Reply in support of the Motion on December 24, 2021 (ECF No. 90).  On June

28, 2022, Plaintiffs, with leave of the Court, filed a Second Amended Complaint adding certain of the current named Plaintiffs (ECF No. 99) and filed a short Supplement to the Motion concerning those added Plaintiffs (ECF No. 100) (the "Supplement").  Defendants filed their Response to the Supplement on August 3, 2022 (ECF No. 103), and Plaintiffs filed their Reply in support of the Supplement on October 21, 2022 (ECF No. 106).  Accordingly, the Motion was fully briefed as of October 21, 2022.  In support of their filings in connection with the Motion, Plaintiffs filed 38 supporting declarations—including expert reports and eight declarations filed under seal with leave of the Court—and Defendants filed three supporting declarations.

2.  **Material Developments.**  There have been no material developments in the case in the time since the Motion was fully briefed.

3.  **Settlement Discussions.**  The parties have engaged in several rounds of potential settlement discussions since this action was filed.  A settlement is not likely at this time.

4.  **Proposal for Further Proceedings.**  Plaintiffs wish to re-file their Motion seeking class certification.  Despite conferral, the Parties have been unable to reach agreement on a joint proposal for further proceedings and a briefing schedule.  Plaintiffs' and Defendants' respective proposals are set forth below.

a.  <u>Plaintiffs' Proposal</u>:  As set forth most recently in Plaintiffs' Second Amended Complaint (ECF No. 99), Plaintiffs seek injunctive relief to require Defendants to provide urgently needed, medically necessary intensive community-based services ("ICBS") to children with mental health disabilities as required under federal law. Plaintiffs' Motion has already been fully submitted before the Court twice, with the support of a total of 38 declarations by fact and expert witnesses concerning the experiences of members of the putative class and their need for ICBS.  Given the

volume and complexity of the existing briefing and supporting submissions regarding class certification to date and the Parties' agreement that there have been no material developments in the case since the Motion was fully briefed, Plaintiffs respectfully submit that the most efficient and expeditious path to hold a hearing concerning Plaintiffs' Motion as soon as possible is for the Parties to re-file their existing papers in connection with the Motion in accordance with the Court's April 4, 2023 Standing Order (the "Standing Order") (ECF No. 110), without material modification. Any intervening changes in the case law that need to be addressed—which Defendants have indicated they believe is necessary—may be addressed through concise supplemental briefing, which Plaintiffs suggest should be limited to 10 pages for each Party. Plaintiffs propose that the parties re-file their existing submissions and file such supplemental briefing according to the following schedule:

**Plaintiffs' Proposed Schedule**

| Action | Date |
|---|---|
| Parties to re-file all existing briefs and supporting papers, and submit proposed orders as specified in the Standing Order | May 3, 2023 |
| Defendants to file supplemental brief in opposition to Plaintiffs' Motion | May 17, 2023[1] |

---

[1]     Plaintiffs propose this date because Defendants have indicated they require three weeks to submit a modified Opposition to Plaintiffs' Motion.

| Plaintiffs to file response to Defendants' supplemental brief | June 7, 2023[2] |
|---|---|
| Parties to submit courtesy copies to Chambers of all papers as specified in the Standing Order | June 7, 2023 |
| Argument concerning the Motion | June 14, 2023, or as soon thereafter as the Court is available |

b. <u>Defendants' Proposal</u>:  In order to comply with this Court's April 4, 2023 Minute Order directing the Parties to update re-filed motions and associated papers to reflect developments in the case or case law—and to streamline matters for the Court—Defendants believe that the Parties should file consolidated and updated briefing on Plaintiffs' motion for class certification.  Defendants believe this approach is preferable for three main reasons.  First, Defendants need to amend their opposition to reflect current case law.  The D.C. Circuit's recent decision in *In re White*, Case No. 22-8001, 2023 U.S. App. LEXIS 7928 (D.C. Cir. April 4, 2023), significantly impacts the arguments Defendants advanced in their opposition.  Second, it would be more effective and efficient for the Court's purposes if the Parties consolidated the prior briefing in this case.  The prior briefing includes not only the Motion, opposition, and reply, but also Plaintiffs' supplement to their motion for class certification (ECF No. 100) and a related opposition and reply—six briefs total.  Rather than adding a third round of filings (totaling *eight*

---

[2]    Should Defendants file any additional supporting Declarations or seek to introduce new evidence in any supplemental briefing, Plaintiffs reserve the right to seek additional time to respond and/or additional discovery orders from the Court, if necessary.

for the Court's consideration), Defendants propose that the Parties consolidate and update the arguments in one set of filings.   Third, Defendants submitted a declaration in support of their opposition from a declarant who no longer works for the District.   *See* Declaration of Barbara Paulson (ECF 83-1).   Although the substance of the declaration is unlikely to change much, Defendants intend to provide a revised version from a current District employee rather than continue to rely on a witness who no longer works for the District and may not be readily available for future discovery (or to testify, if the Court requires it).   While Defendants recognize that this Court has asked for a briefing schedule that would allow an oral argument to be scheduled in May 2023, Defendants respectfully submit that, due to the complexity and volume of prior briefing, the significant D.C. Circuit decision published a few weeks ago, and Defendants' need to prepare a new declaration, more time is needed to comply with the Court's order to update the briefing to reflect updates in the case and caselaw.   Defendants propose the following briefing schedule:

**Defendants' Proposed Schedule**

| Action | Date |
|---|---|
| Plaintiffs file a consolidated, updated motion for class certification. | May 17, 2023[3] |
| Defendants file their opposition. | June 7, 2023 |
| Plaintiffs file their reply. | June 28, 2023 |

---

[3]   Defendants propose the deadline for Plaintiffs' opening motion and that Plaintiffs have three weeks to reply to Defendants' opposition at Plaintiffs' request.

| Argument concerning the motion | July 5, 2023, or as soon thereafter as the Court is available |
|---|---|

Dated:  April 25, 2023

Respectfully Submitted,

_/s/ Jason T. Mitchell_

Sandra J. Bernstein (D.C. Bar No. 455355)
Mary Nell Clark (D.C. Bar No. 419732)
Eva I. Richardson (D.C. Bar No. 1724670)
DISABILITY RIGHTS DC AT UNIVERSITY LEGAL
SERVICES
220 I Street NE, Suite 130
Washington, D.C. 20002
202-547-0198

Ira A. Burnim (D.C. Bar No. 406154)
Lewis L. Bossing (D.C. Bar No. 984609)
Brittany Vanneman (D.C. Bar No. 1736194)
JUDGE DAVID L. BAZELON CENTER FOR MENTAL
HEALTH LAW
1090 Vermont Avenue, NW, Suite 220
Washington, D.C. 20005
202-467-5730

Poonam Juneja (appearing _pro hac vice_)
Brenda Star Adams (appearing _pro hac vice_)
NATIONAL CENTER FOR YOUTH LAW
1212 Broadway, Suite 600
Oakland, CA 94612
510-835-8098

Howard Schiffman (D.C. Bar No. 358814)
Jason T. Mitchell (D.C. Bar No. 1005757)
Laurent M. Abergel (D.C. Bar No. 1718921)
SCHULTE ROTH & ZABEL LLP
901 Fifteenth Street NW, Suite 800
Washington, D.C. 20005
202-729-7470

_Counsel for Plaintiffs_

BRIAN L. SCHWALB
Attorney General for the District of Columbia

STEPHANIE E. LITOS
Deputy Attorney General
Civil Litigation Division

_/s/ Matthew R. Blecher_
MATTHEW R. BLECHER [1012957]
Chief, Civil Litigation Division, Equity
Section

_/s/ Honey Morton_
HONEY MORTON [1019878]
MATEYA B. KELLEY [888219451]
HELEN M. RAVE [90003876]
Assistant Attorneys General
Civil Litigation Division
400 6th Street, NW
Washington, D.C. 20001
Phone: (202) 724-6591
Email: honey.morton@dc.gov

_Counsel for Defendants_