UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| M.J., *et al.*,<br><br>    Plaintiffs,<br><br>v.<br><br>DISTRICT OF COLUMBIA, *et al.*,<br><br>    Defendants. | Civil Action No. 1:18-01901-ACR |

### DEFENDANTS' RESPONSE TO PLAINTIFFS' MOTION FOR STATUS CONFERENCE

Defendants respond to Plaintiffs' pending Motion for Status Conference [137] to provide the Court with a response to the proposed class definitions included in the Motion. Defendants further confirm they neither join nor oppose the request for a status conference.

Pursuant to the Court's direction at the July 2023 Hearing, the Parties met and conferred in person on September 8, 2023, to discuss whether the Parties could agree on a class definition. The Parties could not agree. Briefing on class certification ended on October 2, 2023. In early 2025, Plaintiffs proposed to the District a modified class definition, at which time the District advised that, as before, it would not consent to the certification of a class or potential alternative class definitions. The District did not believe certification was appropriate then, nor does it believe certification is appropriate now.

Indeed, the course of discovery so far seems only to have confirmed that Plaintiffs' claims are not suitable to class treatment. As has become increasingly clear, Plaintiffs' conception of this putative class action includes widely varied and disparate aspects of the provision of mental and behavioral health services to Medicaid-eligible children and youth,

including all stages of the provision of those services and the quality of those services, in a wide variety of settings through different agencies, including the juvenile justice, foster care, and public-school systems.

The District came to understand only very recently that, in Plaintiffs' view, their proposed class includes not only children and youth who have a diagnosed serious emotional disturbance (SED), but also those who have an *undiagnosed* SED. Further, in Plaintiffs' view, the screening, assessment, and diagnosis process for putative class members is part of their class claims concerning whether—yes or no—the District provides intensive community-based services. The District does not believe Plaintiffs' Complaint gives fair notice of these purported claims, or that they are within the bounds of this action. *See* Fed. R. Civ. P. 8, 12(b)(6), 26(b)(1). And, as relevant to the pending class motion, this distinction presents yet another way in which the supposedly common class questions and solutions are not common at all—an alleged injury resulting from the inadequate provision of a particular service is not the same as an alleged injury resulting from a failure to identify that a particular service is needed, nor does the same remedy address both injuries.

In any event, Plaintiffs' newly proposed alternative definition does not solve the problems identified in the District's opposition to their motion for class certification. *See* Defs.' Opp'n to Pls.' Mot. for Class Certification (Defs.' Class Opp'n), [113]. If anything, their explanation seems to further confuse the scope of the class and their claims. While the District acknowledges that Plaintiffs' new proposed class definition is not expressly tied to whether putative class members are institutionalized or at risk of institutionalization because of the District's purported failure to provide intensive community-based services, Pls.' Mot. at 4–5, Plaintiffs' alternative proposed class definition fails to comply with the requirements of Rule 23

on other grounds. First, Plaintiffs' alternative definition is still circular as it only includes individuals who are not receiving intensive community-based services, and the basis of their putative class claim is that the District does not offer those services. *Id.* at 5. As before, membership in the class depends on the ultimate determination on the merits. If the District prevails and demonstrates that these services are available, membership in the class would depend on individualized assessments of the services each potential class member received—which would defeat the purpose of class certification. "Rule 23 provides strong protection against circular or indeterminate class definitions." *In re White*, 64 F.4th 302, 312 (D.C. Cir. 2023). Moreover, under Plaintiffs' alternative definition, "the named plaintiffs might not be members of the class come final judgment." *Id.* at 314. If the District prevails and can establish that Plaintiffs received intensive community-based services, Plaintiffs will not be members of the class; accordingly, they cannot demonstrate that they are adequate or typical class representatives. *See id.* Additionally, the District's argument that Plaintiffs' claims could not be resolved by class-wide injunction would still apply to Plaintiffs' proposed alternative definition. *See* Supp. Opp'n Class Cert. [122] at 10.

Further, Plaintiffs' proposed alternative class definition does not resolve the arguments the District raised in its supplemental opposition concerning commonality on Plaintiffs' Medicaid Claim. *See id.* at 4–7. As the District acknowledged, whether or not the District provides a specific service could potentially give rise to a common question. *Id.* at 6. But Plaintiffs' proposed alternative definition does not change the overbreadth of Plaintiffs' Medicaid claim; it is clear from Plaintiffs' briefing and discovery responses that Plaintiffs' claim primarily concerns, at least, the adequacy of services provided, and specifically whether the services include the range and intensity of services that *each and every* child needs, as well as the

3

District's delivery of community-based services generally, the availability of services generally, and the service referral and approval process. *See id.* at 4; *supra*. Plaintiffs cannot transform an argument that class members "have all suffered a violation of the same provision of law" into a common question by framing these disparate claims as going to whether or not the District provides intensive community-based services, or ICBS, which is itself a suite of services that looks different for each child. *See D.L. v. District of Columbia*, 713 F.3d 120, 126 (D.C. Cir. 2013) (quoting *Wal-Mart*, 564 U.S. at 350;); Defs.' Class Opp'n, [113] at 21–22 (ECF pagination) (quoting Plaintiffs' discovery responses describing "ICBS").

Nor does Plaintiffs' proposed subclass resolve the District's commonality arguments concerning Plaintiffs' *Olmstead* claim. *See* Supp. Opp'n Class Cert. at 7–9. Plaintiffs state that this subclass is "focused" on their *Olmstead* claim. Pls.' Mot. at 5. However, it is unclear if Plaintiffs intend to narrow their *Olmstead* claim to only Medicaid-eligible children who are, in Plaintiffs' view, currently institutionalized. *Id.* If that is not the case, Plaintiffs' proposed subclass only serves to underscore a lack of commonality in their *Olmstead* claim, as well as the challenges in the Court's ability to address Plaintiffs' putative class *Olmstead* claim with a class-wide injunction.

Regardless, Plaintiffs' purported common questions on the *Olmstead* claim concern only the District's potential affirmative defense; questions about any affirmative defense will only come after a determination of the services available, the appropriateness of the services that putative class members are seeking, and whether putative class members want those services in the community. In light of the nature of Plaintiffs' claims in this case, discussed above, these are individualized determinations that cannot be made on a class-wide basis and Plaintiffs' proposed alternative class definition and subclass does not eliminate the need for these prerequisite

individualized determinations. *See United States v. Mississippi*, 82 F.4th 387, 395 (5th Cir. 2023) (reversing decision on class-wide *Olmstead* liability in part because a "claim of system-wide risk of institutionalizing some unspecified group of patients," due to supposed lack of mental health services, "is incompatible with [*Olmstead*'s three-part test], the first two [factors] of which are necessarily patient-specific"). Lastly, Plaintiffs have offered no explanation about which named Plaintiff, if any, would be an adequate and typical representative of a purported subclass of currently institutionalized children and youth. *See generally* Motion.

| | |
|---|---|
| Dated: June 4, 2025. | Respectfully Submitted, |
| | BRIAN L. SCHWALB<br>Attorney General for the District of Columbia |
| | STEPHANIE E. LITOS<br>Deputy Attorney General<br>Civil Litigation Division |
| | */s/ Matthew R. Blecher*<br>MATTHEW R. BLECHER [1012957]<br>Chief, Civil Litigation Division, Equity Section |
| | */s/ Honey Morton*<br>HONEY MORTON [1019878]<br>Assistant Section Chief, Civil Litigation Division, Equity Section |
| | */s/ Mateya B. Kelley*<br>MATEYA B. KELLEY [888219451]<br>HELEN M. RAVE [90003876]<br>Assistant Attorneys General<br>400 6th Street, NW<br>Washington, D.C. 20001<br>Phone: (202) 724-7854<br>Email: mateya.kelley@dc.gov |
| | *Counsel for Defendants* |