UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| M.J., et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| - against - | ) Civ. No. 1:18-cv-1901 (ACR) |
| | ) |
| The District of Columbia, et al., | ) |
| | ) |
| Defendants. | ) |
| | ) |

**JOINT POST-*MEDINA* HEARING SUBMISSION**

Plaintiffs I.C., B.T., L.R., and M.W., on behalf of themselves and all others similarly situated, and University Legal Services, Inc. (doing business as "Disability Rights D.C.") (collectively, "Plaintiffs"), and Defendants District of Columbia and three officials sued in their official capacities only (Mayor Muriel Bowser, Deputy Mayor Wayne Turnage, and agency director Barbara Bazron) (collectively, "the District"), respectfully make this submission in response to a request for supplemental information made by the Court during the March 9, 2026, hearing on Defendants' Motion for Partial Judgment on the Pleadings (the "*Medina* Hearing"). Specifically, the Parties submit the following information regarding any denials of certiorari by the United States Supreme Court on petitions to review the private enforceability of the Early and Periodic Screening, Diagnostic, and Treatment (EPSDT) provisions of the Medicaid Act, as well as any accompanying briefs by the U.S. Solicitor General.

I.      **PETITIONS FOR WRIT OF CERTIORARI AND FEDERAL GOVERNMENT POSITIONS ON PRIVATE ENFORCEABILITY OF EPSDT PROVISIONS**

Your Honor requested that Plaintiffs research whether the Supreme Court has considered any petitions for writ of certiorari regarding the private enforceability of the EPSDT provisions of the Medicaid Act and, additionally, "whether the government was ever asked for its views and

whether the government ever gave its views on the specific provision," both of which "the state can confirm or not confirm." *Medina* Hearing Transcript, at 46:9-13. Since its decision in *Gonzaga University v. Doe*, 536 U.S. 273 (2002), the Parties submit that the Supreme Court has considered two petitions for writ of certiorari regarding the private enforceability of the EPSDT provisions of the Medicaid Act. In response to both, the Court declined to consider the question. The U.S. Solicitor General filed a brief in both cases.

The Supreme Court denied a petition for writ of certiorari in *Haveman v. Westside Mothers*, 537 U.S. 1045 (2002), a lawsuit filed under Section 1983 alleging Michigan state officials failed to provide Medicaid-eligible children with medically necessary EPSDT services. The U.S. Court of Appeals for the Sixth Circuit found that the EPSDT provisions of the Medicaid Act create a privately enforceable right through Section 1983, noting that the provisions were clearly intended to benefit the plaintiffs and set a binding obligation on the State. *Westside Mothers v. Haveman*, 289 F.3d 852, 862-63 (6th Cir. 2002). State officials sought review of the Sixth Circuit's holding that plaintiffs "have a cause of action under § 1983 for alleged noncompliance with the screening and treatment provisions of the Medicaid Act," arguing that Spending Clause legislation could not be enforced through Section 1983. *Id.* at 863; Petition for a Writ of Certiorari, *Haveman v. Westside Mothers*, 537 U.S. 1045 (2002) (No. 02-277), 2002 WL 32134264. The U.S. Solicitor General filed a brief in opposition to the State's petition, arguing that Spending Clause legislation – in this instance the Medicaid Act – "may be enforced in a proper action under 42 U.S.C. 1983." Brief for the United States in Opposition at 8, *Haveman v. Westside Mothers*, 537 U.S. 1045 (2002) (No. 02-277), 2002 WL 32134166, at *8. The Supreme Court declined to consider the question.

Additionally, the Supreme Court granted in part a petition for writ of certiorari in *Frew v. Hawkins*, 540 U.S. 431 (2004), a case brought under Section 1983 by parents of Medicaid-eligible

children in Texas alleging state officials were failing to provide medically necessary healthcare services required by the EPSDT provisions, but declined to grant cert on the private enforceability of the EPSDT provisions.  The Court limited its grant to the first two questions presented by the petition, both of which concerned a federal court's ability to enforce a consent decree against state officials within the bounds of the Eleventh Amendment.  Memorandum Decisions, *Frew v. Hawkins*, 538 U.S. 905 (2003) (No. 02-628).  In doing so, the Court declined to grant the petition's last question presented: "Does State officials' failure to provide services required by the Medicaid Act's EPSDT provisions violate rights that Medicaid recipients may enforce pursuant to 42 U.S.C. § 1983? *See* 42 U.S.C. § l396a(a)(43); 1396d(r)."  Petition for a Writ of Certiorari at i, *Frew v. Hawkins*, 540 U.S. 431 (2004) (No. 02-628), 2002 WL 32101037.

The United States submitted a brief as Amicus Curiae, arguing the Eleventh Amendment does not bar judicial enforcement of a consent decree that is designed to ensure that state officials comply with the requirements of Medicaid's EPSDT program, 42 U.S.C. § 1396a(a)(43), 1396d(r).  Brief for the United States as Amicus Curiae, *Frew v. Hawkins*, 540 U.S. 431 (2004) (No. 02-628).  The Solicitor General's brief explained that "[t]he United States has an interest in ensuring that the duties that States voluntarily assume under the EPSDT program are enforced in a manner that protects the beneficiaries of the program, but avoids interference with federal oversight and a State's legitimate discretion." *Id.*

The Supreme Court unanimously reversed the Fifth Circuit's decision and remanded the case, holding that the Eleventh Amendment did not bar judicial enforcement of the decree under *Ex parte Young.  Frew*, 540 U.S. at 442.


 Dated:  May 6, 2026

Respectfully Submitted,

*/s/ Anthony Ferrara*

Anthony Ferrara (D.C. Bar No. 1657588)
Howard Schiffman (D.C. Bar No. 358814)
Laurent M. Abergel (D.C. Bar No. 1718921)
MCDERMOTT WILL & SCHULTE LLP
500 North Capitol Street NW
Washington, DC 20001
202-729-7470

Sandra J. Bernstein (D.C. Bar No. 455355)
Mary Nell McGarity Clark (D.C. Bar No. 419732)
Eva I. Richardson (D.C. Bar No. 1724670)
DISABILITY RIGHTS DC AT UNIVERSITY LEGAL SERVICES
220 I Street NE, Suite 130
Washington, D.C. 20002
202-547-0198

Megan E. Schuller (D.C. Bar No. 90023318)
Jennifer E. Mathis (D.C. Bar No. 444510)
Ira A. Burnim (D.C. Bar No. 406154)
Anne Raish (appearing *pro hac vice*)
Claire Shennan (D.C. Bar No. 90031066)
JUDGE DAVID L. BAZELON CENTER FOR MENTAL HEALTH LAW
1101 15th Street NW, Suite 205
Washington, D.C. 20005
202-467-5730

Johnathan Smith (D.C. Bar No. 1029373)
Nina Monfredo (D.C. Bar No. 90041337)
NATIONAL CENTER FOR YOUTH LAW
818 Connecticut Avenue, Suite 425
Washington, DC 20006
510-835-8098

*Counsel for Plaintiffs*

Respectfully submitted,

BRIAN L. SCHWALB
Attorney General for the District of Columbia

CHAD COPELAND
Deputy Attorney General
Civil Litigation Division

4

*/s/ Matthew R. Blecher*
MATTHEW R. BLECHER [1012957]
Chief, Equity Section, Civil Litigation Division

*/s/ Honey Morton*
HONEY MORTON [1019878]
Assistant Chief, Equity Section

*/s/ Mateya B. Kelley*
MATEYA B. KELLEY [888219451]
HELEN M. RAVE [90003876]
Assistant Attorneys General
400 6th Street, NW
Washington, D.C. 20001
Phone: (202) 724-7854
Email: mateya.kelley@dc.gov

*Counsel for Defendants*